United States District Court
Eastern District of Michigan

United States of America,

    Plaintiff,

             Hon. Thomas L. Ludington

v.

             Case No. 21-cr-20689

Ruben Steven Ranke,

    Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Ruben Steven Ranke, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Count of Conviction

The defendant will waive his right to an indictment and will plead guilty to Count 1 of the Information. Count 1 charges the defendant with possession of obscene visual representations of the sexual abuse of children under 18 U.S.C. § 1466A(b)(1).

## 2. Statutory Minimum and Maximum Penalties

The defendant understands that the count to which he is pleading guilty carries the following minimum and maximum statutory penalties:

|  |  |  |
|---|---|---|
| Count 1 | Term of imprisonment: | 10 years to 20 years |
|  | Fine: | Up to $250,000 |
|  | Term of supervised release: | 5 years to Life |

The defendant understands that Count 1 requires a mandatory minimum sentence of 10 years' imprisonment and that the Court may not impose a sentence on that count below the mandatory minimum.

### 3. Agreement Not to Bring Additional Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will not bring additional charges against the defendant for commission of the felony offense involving a minor while being required to register as a sex offender under 18 U.S.C. § 2260A.

### 4. Elements of Count of Conviction

The elements of Count 1 are: (1) The defendant knowingly possessed a visual depiction of any kind; (2) the visual depiction depicts a minor engaging in sexually explicit conduct; (3) the defendant knew the visual depiction was of a minor; (4) the visual depiction is obscene and at the time of possession defendant knew that the contents of the visual depiction was of a sexually oriented nature; and (5) the visual depiction involved in the offense had been shipped or transported in interstate or foreign commerce by any means including by computer.

### 5. Factual Basis

The parties agree that the following facts are true, accurately

describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

> *Defendant is on supervised release following his 2011 conviction for mailing child pornography. On July 14, 2021 an arrest warrant was issued for defendant's violation of the terms of supervised release. Defendant was arrested on August 5, 2021, at his residence in the Eastern District of Michigan. In defendant's possession was a LG Stylo 6 Model LM-Q730 cellular telephone. A forensic analysis was conducted of the cellular telephone. On the device were over 140 images of child exploitation. The images included obscene sexually graphic depictions of minors including life-like 3D images of male and female minors engaged in oral, anal, and vaginal sex with other minors and adults. Some of the images contain depictions of violence and the sexual exploitation of toddlers. Defendant received the images on his cellular telephone, via the internet. Defendant knew that he possessed visual depictions of minors, that the images were obscene and that the images depicted minors engaging in sexually explicit conduct.*

## 6. Advice of Rights

The defendant has read the Information, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

**7.   Collateral Consequences of Conviction**

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his conviction here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's conviction might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his conviction.

## 8. Defendant's Guideline Range

### A. Court's Determination

The Court will determine the defendant's guideline range at sentencing.

### B. Acceptance of Responsibility

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Count 1. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the

Page **5** of **16**

defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offense to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Count 1:

- 2G2.2(b)(2); prepubescent minor/minor under 12 years old;
- 2G2.2(b)(4); material portrays sadistic, masochistic, violent conduct and the sexual exploitation of an infant or toddler;
- 2G2.2(b)(6); use of a computer;
- 2G2.2(b)(7)(A); 10 to 150 images.

### D.    Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, or 8.C. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

### E.    Not a Basis to Withdraw

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, or 8.C. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

### 9.    Imposition of Sentence

### A.    Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and

apply any applicable mandatory minimums.

## B.    Imprisonment

### 1.    Agreement

Under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that the defendant's sentence of imprisonment on Count 1 may not exceed 180 months. The parties further agree that the defendant's sentence of imprisonment may not fall below 120 months.

### 2.    Limited Right to Withdraw

If the Court rejects the agreement by deciding to impose a sentence of imprisonment on Count 1 higher than permitted by paragraph 9.B.1, the defendant will be permitted to withdraw his guilty plea. That is the only reason the defendant may withdraw his guilty plea. If the defendant decides not to withdraw his guilty plea in those circumstances, the defendant agrees that the Court may impose a sentence on Count 1 higher than permitted by paragraph 9.B.1 and that all other provisions in this agreement will remain in effect.

If the Court rejects the plea agreement by deciding to impose a sentence of imprisonment on Count 1 lower than permitted by paragraph 9.B.1, or by rejecting or purporting to reject any other term or terms of this agreement, the government will be permitted to

Page **8** of **16**

withdraw from this agreement.

### C. Supervised Release

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a 10-year term of supervised release.

#### 2. No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's agreement concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D. Fines

There is no recommendation or agreement as to a fine.

### E. Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are

and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

**F.    Forfeiture**

As part of this agreement, pursuant to 18 U.S.C. § 2428, defendant agrees to forfeit the following property:

- one Alcatel GO Flip 3, model 4052W cellular telephone;
- one UMX model U683CL, cellular telephone;
- one LG Stylo 6, model LM-Q730 cellular telephone.

Defendant agrees that the Subject Property is forfeitable to the United States pursuant to 18 U.S.C. § 1467, as property involved in defendant's violation because each piece of property was used to entice a minor to engage in illegal sexual activity.

Following the entry of this plea agreement and upon application by the United States, defendant agrees to the entry of one or more orders of forfeiture of his interests in the above referenced property, including the entry of a Preliminary Order of Forfeiture, at or any time before, his sentencing. Defendant agrees that the forfeiture order will become final as to defendant's interests when entered by the Court. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the Court to advise him of his rights with respect to forfeiture, set forth in Federal Rule of Criminal Procedure 11(b)(1)(J).

Defendant expressly waives his right to have a jury determine forfeitability of his interest in the above identified property as provided

by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure. Defendant further waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

Defendant knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $100, due immediately upon sentencing.

## 10. SORNA

Defendant understands that by pleading guilty in this case, he will be required to register as a sex offender, under both federal and state registration requirements. As a condition of his release from prison on supervised release in this case, defendant will be obligated to promptly register under the federal sex offender registry. Defendant may also be required to register under the law of the state in which he resides, as well as any state where he has significant contacts

(including any state where he resides, works, attends school or otherwise has significant contacts). Defendant further understands that he will be required to maintain and update his registration for at least twenty years, and potentially for the rest of his life.

## 11.   Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed 180 months, the defendant also waives any right he may have to appeal his sentence on any grounds.

## 12.   Collateral Review Waiver

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he[she] may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he[she] may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of

counsel or prosecutorial misconduct claims, as described above), 28

U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

### 13. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment

If the defendant is allowed to withdraw his guilty plea, or if the

defendant's conviction or sentence under this agreement is vacated, the

government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges

against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct.

If the government reinstates any charges or files any additional charges

as permitted by this paragraph, the defendant waives his right to

challenge those charges on the ground that they were not filed in a

timely manner, including any claim that they were filed after the

limitations period expired.

### 14. Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his

guilty plea for any reason, he waives all of his rights under Federal

Rule of Evidence 410, and the government may use his guilty plea, any

statement that the defendant made at his guilty plea hearing, and the

factual basis set forth in this agreement, against the defendant in any proceeding.

## 15. Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 16. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 17.   Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00pm on November 15, 2021. The government may withdraw from this agreement at any time before the defendant pleads guilty.

Saima S. Mohsin
Acting United States Attorney

Anthony P. Vance
Assistant United States Attorney
Chief, Branch Offices

Nancy A. Abraham
Assistant United States Attorney

Dated: November 8, 2021

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Russell J. Perry, Jr.
Attorney for Defendant

Ruben Steven Ranke
Defendant

Dated: 12/10/21